IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | OPINION AND ORDER |
| Plaintiff, | 09-cr-108-bbc |
| v. | |
| WAYNER D. BLACK, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Wayner C. Black and three confederates robbed a bank in Madison, Wisconsin, in 2009. He was convicted in 2010 of bank robbery in violation of 28 U.S.C. § 2113(a) and (d), and sentenced to a term of imprisonment of 262 months. He now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the institution in which he is housed has a high number of inmates who have tested positive for the COVID-19 virus and he has medical problems that put him at high risk for contracting the disease.

Defendant has taken a number of steps toward rehabilitation, for which he should be commended. He has earned a G.E.D., has enrolled in a number of different classes, including drug treatment and career preparation, and has worked for seven years as a G.E.D. tutor. Despite these steps, he does not qualify for early release under the compassionate release program.

The crime of bank robbery in which defendant was involved was a serious one,

involving force and the display of guns. Although defendant stayed in the bank lobby, two of his three confederates went into the bank, forced two tellers to the ground at gunpoint and took money from one of them. Defendant was arrested six days later. He denied having played any role in the robbery, and he made efforts to set up an alibi and asked his girlfriend and brother to hide evidence. Defendant has a projected release date of July 2028 and is presently incarcerated at the Federal Correction Institution-Edgefield.

Defendant is suing under 18 U.S.C. § 3582(c)(1)(A), which gives the federal courts authority to modify a previously imposed term of imprisonment for "extraordinary and compelling reasons," after considering the sentencing factors set out in 18 U.S.C. § 3552(a) to the extent they are applicable. Any sentence reduction that is made must be consistent with applicable policy statements issued by the Sentencing Commission. Id.

Before a court may provide any relief to a defendant under this statute, the defendant must be able to show that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1). Defendant has not shown that he has met this requirement. Until he does, this court may not consider his filing.

If defendant contemplates filing a new claim after he has fulfilled the exhaustion requirements, he should be aware that the applicable policy statement also requires a finding by the court that "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Defendant's crime

was a very serious one; he has a number of convictions for other crimes, including obstructing justice, operating a motor vehicle without the owner's consent and battery; and he is considered a career offender. Even if these were not reasons making it unlikely that he would be considered for compassionate release, it is unlikely that he would be found to have health problems that would qualify as "extraordinary and compelling reasons" for early release. Defendant's health record shows that he has some problems with his neck which are being evaluated, according to the Bureau of Prisons Health Services, doc. #183, and he says he has high blood pressure, high cholesterol and heart problems. However, nothing in the record suggests that any of these problems would be considered extraordinary and compelling. To the contrary, in May of this year, his examination notes from the prison indicated that his cardiovascular system was "Within Normal Limits." Id., exh. B, at 10. The notes also indicate that he is receiving medication for his high cholesterol. He has not identified anything in the prison health records to suggest that he is not receiving adequate care for his medical problems.

Defendant also asks for early release because of the COVID-19 virus, saying that 100 inmates in his institution have tested positive for the virus. It is understandable that defendant feels vulnerable, but his circumstances do not suggest that he is at any higher risk for severe complications from the virus than other prisoners.

Defendant's concern about the COVID-19 virus is understandable, in light of the continuing toll within the United States, as well as in the state and federal prison systems, but he has not shown that he is one of the relatively few prisoners who qualifies for

compassionate release.

ORDER

IT IS ORDERED that Wayner D. Black's motion for compassionate release is DENIED.

Entered this 1st day of October, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge